UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MORAG MURRAY,

         **MEMORANDUM**
     **Plaintiff,**      **AND ORDER**

  -against-         09-CV-1337 (JG)

ROADWAY EXPRESS, INC. and
CARLOS SANTIAGO,

     **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

  Currently pending before this Court is an amended application filed on behalf of plaintiff Morag Murray ("plaintiff"),[1] entitled "Plaintiff's Amended Motion to Modify the Court's Order of May 28, 2010 and For Leave to Designate a Rebuttal Expert" (hereafter "Pl. Am. Mot."), DE #37. Acknowledging that the referenced order of May 28, 2010 expressly stated that "[n]o further extensions will be granted," Endorsed Order (May 28, 2010), DE #32, plaintiff contends that "Defendants['] naming of two additional experts subsequent to the May 28, 2010 Order completely changes the dynamics of the case," Pl. Am. Mot. ¶ 12, and that therefore "the Court should either bar the two new defense experts or allow Plaintiff the opportunity to respond to their entirely new theories by designating a rebuttal expert . . . ." Id. Plaintiff reiterates these arguments in an unauthorized reply filed on July 26, 2010, in violation of the Court's rules. See Plaintiff's Reply Memorandum of Law in Support of

---

[1] The original application was denied without prejudice, as it violated the Court's individual rules and instructions to counsel at the initial conference. See Order (July 19, 2010), ECF Docket Entry ("DE") #36.

Plaintiff's Amended Motion ("Pl. Reply"), DE #41.[2]

Defendants oppose plaintiff's motion for leave to designate a rebuttal expert but do not oppose "plaintiff's motion to enlarge the discovery deadlines for all other purposes." Affirmation of Paul J. Felicione (July 23, 2010) ("Def. Aff.") at 1, D.E. #40.[3]

For the reasons that follow, the Court denies plaintiff's request for leave to designate a rebuttal expert. The Court will allow limited followup discovery pertaining to plaintiff's intervening surgeries, but will not extend the discovery deadlines "for all other purposes." Def. Aff. at 1.

## **DISCUSSION**

The Court is cognizant of the fact that this is not a garden-variety traffic accident case and that it is undisputed that plaintiff suffered serious injuries. The Court took those circumstances into account in setting the initial discovery schedule and in indulging the parties and granting a series of adjournments,[4] culminating in the May 28th Order that is the subject of

---

[2] Unfortunately, this latest violation is part of a continuing pattern of derelictions by counsel. See, e.g., Order (July 19, 2010) at n.1, DE #36 (noting that "both sides ignored the Court's directive that they file a status report by July 9, 2010").

Defendants have requested that the Court disregard plaintiff's unauthorized reply. See Letter to the Court from Paul Felicione (July 26, 2010), DE #42. Since the reply does not affect the Court's ruling, the defense motion to strike is denied as moot.

[3] Indeed, defendants join the request to enlarge the discovery deadlines, citing the fact that plaintiff "has undergone several additional surgeries" since her deposition, and that therefore it will be necessary to conduct a supplemental deposition of plaintiff and to conduct additional independent medical examinations ("IMEs"). Def. Aff. at 1-2.

[4] See, e.g., Minute Entry (May 7, 2009), DE #11; So-Ordered Stipulation (Nov. 17, 2009), DE #15; Endorsed Order (March 12, 2010), DE #21,

the instant application. That order granted the parties' request for yet additional time, but unequivocally stated that "[n]o further extensions will be granted." Endorsed Order (May 28, 2010), DE #32 (extending schedule set earlier that day and giving parties until August 23 to complete expert depositions). Earlier that day, the Court had admonished the parties about protracting this litigation: "The mediation has now been adjourned for nearly three months. The Court will tolerate no further delays in this case." Scheduling Order (May 28, 2010), DE #30. Despite these pronouncements and rulings, plaintiff now seeks yet another extension of the discovery schedule.

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The primary reason for plaintiff's motion is her desire to serve expert disclosure to rebut the opinions of two experts retained by the defense -- an accident reconstructionist and a biomechanical engineer -- who, according to plaintiff, "have 'reconstructed' a scenario in which [plaintiff] ran out into the middle of the intersection directly in front of the [defendant's] truck . . . ." Pl. Am. Mot. ¶ 4. In opposing plaintiff's motion for leave to serve rebuttal expert reports, defendants state, without contradiction, that plaintiff was first served with copies of defendants' expert reports at the parties' initial mediation session on April 13, 2010 -- more than six weeks prior to the Court's Order of May 28th. See Def. Aff. at 2. Plaintiffs' reply submission continues her assault on the merits of the opinions reached by defendants' experts, see Pl. Reply ¶¶ 3-4, but offers no explanation for plaintiff's having failed to serve, within the schedule set by the Court on May 28, any expert report opining on the matters addressed by the defense experts.

Furthermore, at the initial conference held on May 7, 2009, plaintiff's counsel stated on

the record that plaintiff would be calling three non-medical expert witnesses at trial, to wit, an accident reconstructionist, a vocational expert, and an economist; defendants indicated that they would as well. Plaintiff thereafter serve a timely report from Robert G. "Bob" Coulter, whose CV identifies his professional experience as a "Commercial Vehicle Accident Investigator/ Reconstructionist." See Coulter CV, attached to Def. Aff., DE #40-1 at 22.[5] Against this backdrop, plaintiff should not have been surprised when, this past April, defendants in turn served expert reports on accident reconstruction. In any event, to the extent that plaintiff then felt the need to retain an accident reconstructionist to address the specific findings of defendants' experts and/or with stronger educational credentials than Mr. Coulter, plaintiff had sufficient time to do so without extending the Court's deadlines and prolonging this litigation.

In light of all of the circumstances of this case, plaintiff has failed to establish good cause for further extending expert discovery in order to enable her to serve an expert report addressing matters that could and should have been the subject of an earlier report by Mr. Coulter or another accident reconstructionist. Therefore, plaintiff's request for leave to belatedly serve a so-called "rebuttal" report, and to call a rebuttal expert at trial, is denied, as is plaintiff's motion to strike defendants' reports as untimely. Plaintiff's assertion that the

---

[5] Plaintiff resists defendants' characterization of Mr. Coulter as plaintiff's "accident reconstruction expert," Def. Aff. at 2, and counters that "Mr. Coulter is a trucking expert," Pl. Reply ¶ 2, whose "curriculum vitae does not list any college or post[-]graduate degrees." Id. ¶ 5. Whatever the limitations of his educational background, the fact remains that Mr. Coulter describes himself, in his CV, as an accident reconstructionist.

defense experts' opinions are "based on junk science"[6] may be raised in a *Daubert* motion[7] but does not warrant modification of the Court's scheduling order.

Finally, although the parties appear to be in agreement that additional time is needed to redepose and examine plaintiff with respect to her recent surgeries, see Pl. Am. Mot. ¶ 9; Def. Aff. at 1-2, the Court will not allow this case to languish indefinitely. The supplemental deposition of plaintiff and any additional IMEs shall be completed by August 27, 2010. The schedule for serving and filing the joint pretrial order remains unchanged.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to designate a so-called "rebuttal" expert, and to serve expert disclosure pertaining to that expert, is denied. The discovery deadlines remain unchanged, except to the limited extent noted in the immediately preceding paragraph.

**SO ORDERED.**

Dated:    Brooklyn, New York
           July 30, 2010

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[6] Pl. Am. Mot. ¶ 4.

[7] Any questions regarding a briefing schedule on that motion should be addressed to the District Court.