UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MORAG MURRAY,

                                **Plaintiff,**

            -against-

**ROADWAY EXPRESS, INC.** and
**CARLOS SANTIAGO,**

                              **Defendants.**
----------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**09-CV-1337 (JG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of an unopposed motion by plaintiff Morag Elizabeth Murray[1] to enlarge the time to conduct the deposition of Dr. Christopher Zoumalan, an ocular plastic surgeon and one of plaintiff's treating physicians. The reason for the request is that plaintiff first learned last month that Dr. Zoumalan has relocated to Los Angeles, California, and he is unwilling to return to New York to testify. See Plaintiff's Motion for Enlargement of Time ("Pl. Mot.") ¶¶ 3-5, ECF Docket Entry ("DE") #51.

      Plaintiff mischaracterizes the nature of her request. In essence, she is not seeking a discovery deposition of Dr. Zoumalan, but rather would like to conduct a *de bene esse* deposition of the doctor, who is no longer subject to this Court's subpoena power. See Fed. R. Civ. P. 45(b)(2)(B). Pursuant to Rule 32(a)(4) of the Federal Rules of Civil Procedure, a party may use at trial a deposition of a witness who "is more than 100 miles from the place of hearing or trial . . ., unless it appears that the witness's absence was procured by the party offering the deposition . . . ." Fed. R. Civ. P. 32(a)(4)(B); see also Fed. R. Civ. P.

---

[1] Any response to the motion, filed on September 3, 2010, was due yesterday.

32(a)(4)(D) (allowing use of deposition where "the party offering the deposition could not procure the witness's attendance by subpoena").

There is no suggestion in this case that plaintiff has procured the physician's absence. As a matter of fairness, plaintiff should be allowed to conduct a *de bene esse* deposition in order to present the witness' testimony at trial. Therefore, plaintiff is hereby authorized to arrange for a videotaped deposition of Dr. Zoumalan in Los Angeles on a mutually convenient date later this month. Defense counsel may, if he chooses, participate from New York via videoconferencing.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**September 8, 2010**

        **ROANNE L. MANN**
        **UNITED STATES MAGISTRATE JUDGE**